UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENE M., | ) | No. CV 18-5854 AGR |
|        Plaintiff, | ) | |
| | ) | |
|        v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| | ) | |
|        Defendant. | ) | |

Plaintiff[1] filed this action on July 3, 2018.  On January 7, 2019, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Montes' opinions.

---

[1]  Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 10, 12.)

# I.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits in October 2014 and alleged an onset date of October 2, 2014. Administrative Record ("AR") 16. The applications were denied initially. AR 17, 72-73. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 8, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 30-51. On July 6, 2017, the ALJ issued a decision denying benefits. AR 13-25. On May 21, 2018, the Appeals Council denied review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B.  The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through March 31, 2015.  AR 18.  Following the five-step sequential analysis applicable to disability determinations, *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of stroke, diabetes, diabetic retinopathy, chronic kidney disease, hypertension, and loss of visual acuity and cataracts in both eyes.  AR 18.

The ALJ found that Plaintiff had the residual functional capacity to perform light work except that he could sit, stand and walk six hours in an eight-hour workday; occasionally climb ramps and stairs; occasionally stoop, crouch and crawl; and frequently balance and kneel.  He could not drive; climb ladders and scaffolds; or see small objects at a distance due to poor visual acuity.  He must avoid all exposure to moving mechanical parts and unprotected heights.  AR 19.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsbury*, 468 F.3d at 1114.

The ALJ found that Plaintiff acquired work skills from past relevant work as a salesperson of office machines that are transferable to other occupations with jobs existing in significant numbers in the national economy such as salesperson-furniture, salesperson-household applicance and salesperson-men's furnishing.  AR 24.

**C.    <u>Treating Physician</u>**

Plaintiff argues that the ALJ improperly rejected the opinions of his treating physician, Dr. Montes.  AR 365-67.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Id.* at 632.  When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).  "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'"  *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation and emphasis omitted).  However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On March 25, 2016, Dr. Montes opined that Plaintiff could lift 10 pounds occasionally and less than 10 pounds frequently. He could stand/walk about 3 hours and sit about 4 hours in a workday with a sit/stand option. AR 365. He could frequently twist, occasionally stoop, and never crouch or climb stairs/ladders. Dr. Montes opined that Plaintiff had muscle weakness from his stroke that affected his ability to reach, handle, finger, feel and push/pull. AR 366. He should avoid concentrated exposure to extreme cold and heat, noise and fumes. He should avoid all exposure to hazards. With these limitations, Plaintiff's impairments would not cause him to be absent from work. AR 367.

The ALJ gave little weight to Dr. Montes' opinion because it was not well supported by his treatment notes and was provided in the form of a checklist without sufficient rationale to support the "extreme limitations." AR 22.

The ALJ's reasons are not supported by substantial evidence. Plaintiff had a stroke on or about October 2, 2014. AR 279-80, 286. Dr. Montes' medical group subsequently began treating Plaintiff. On February 4, 2015, Plaintiff's was referred to a nephrologist "as soon as possible" for elevated protein urea. He reported pain with walking. Plaintiff had decreased medial arches with tenderness to palpation but had normal gait and station bilaterally with full range of motion. He was prescribed diabetic shoes. AR 421-22, 427, 430, 432. On March 18, 2015, Plaintiff reported walking 20 minutes per day, five times per week. AR 415. The examining physician saw Plaintiff on March 17, 2015. AR 349.

However, on June 30, 2015, Dr. Montes noted mild facial droop on the right, decreased strength of the right upper and lower extremity (3+/5) and a limp. Dr. Montes diagnosed diabetes, type II, hypertension, chronic kidney disease and hemiplegia affecting right side due to cerebrovascular disease. Dr. Montes continued Plaintiff's

medications and advised him to get a cane.  AR 405-06.  On November 13, 2015,

Plaintiff's neurologic examination showed right sided weakness 4+/5 and diminished

sensation from the toes to mid calf bilaterally.  Mentation showed slow cognition and

slow response.  Speech was understandable but deliberate and hesitant. Plaintiff

walked with a cane.  AR 457.  On March 15, 2016, Plaintiff requested the completion of

a disability form to be off work indefinitely due to his neurological disability.  AR 453.

Plaintiff's examination was unchanged.  "Mentally he appears detached from current

environment."  Dr. Montes noted that, according to Plaintiff's significant other, Plaintiff's

mentation has been present for the past several weeks.  Dr. Montes stated Plaintiff "will

be placed on indefinite disability due to his neurological deficit."  AR 454.  Subsequent

medical records note hemiparesis (weakness on one side of the body) and dysarthria

(speech disorder caused by muscle weakness) as late effects of cerebrovascular

disease.  AR 441, 443, 445, 448, 450.  Plaintiff also had stage IV (severe) chronic

kidney disease.  AR 443.

Dr. Montes' opinions are well supported by the medical group's treatment notes,

which evidence a deterioration of Plaintiff's condition.  This matter will be remanded for

reconsideration of Dr. Montes' opinions.

### D.     Residual Functional Capacity

The RFC measures the claimant's capacity to engage in basic work activities.

*Bowen v. New York*, 476 U.S. 467, 471 (1986).  The RFC is a determination of "the

most [an individual] can still do despite [his or her] limitations." 20 C.F.R. §

404.1545(a); *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014).  It is an

administrative finding, not a medical opinion.  20 C.F.R. § 404.1527(e).  The ALJ's RFC

assessment must be supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d

1211, 1217 (9th Cir. 2005).

Plaintiff argues that the ALJ's residual functional capacity ("RFC") assessment

failed to account for his need for an assistive device, his cognitive deficits and other

opinions rendered by Dr. Montes.  Because this matter is being remanded for

reconsideration of Dr. Montes' opinions, which cover these areas, the court need not address the issue of residual functional capacity separately.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Montes' opinions.


DATED: March 18, 2019

_____
ALICIA G. ROSENBERG
United States Magistrate Judge